NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| | : |
| ELVIN NEGRON, | : Hon. Faith S. Hochberg |
| | : |
| Plaintiff, | : Civil No. 09-0807 (FSH) (PS) |
| | : |
| v. | : **OPINION & ORDER** |
| | : |
| MAYOR DAVID DELLE DONNA, *et al.*, | : Date: March 19, 2010 |
| | : |
| Defendants. | : |
| | : |
| | : |

**HOCHBERG, District Judge**:

This matter comes before the Court upon Defendants' January 29, 2010 motion for judgment on the pleadings (docket # 38) pursuant to Federal Rule of Civil Procedure 12(c). The Court has considered the written submissions of the parties and this Motion solely on the papers pursuant to Federal Rule of Civil Procedure 78.

I.      Introduction

This is a civil rights case, brought under 42 U.S.C. §§ 1981 and 1983.  Plaintiff is an Hispanic male and a former police officer in the Town of Guttenberg.  Defendants are the Town of Guttenberg, David Delle Donna, Rita Perito, Sgt. Arthur Allguier, and Lt. Joel Maggenheimer.  Plaintiff asserts six causes of action: wrongful termination against Mr. Delle Donna (Count I); malicious prosecution against Mr. Delle Donna and Ms. Perito (Count II); hostile work environment against Sgt. Allguier (Count III); interference with First Amendment rights against Lt. Maggenheimer (Count IV); § 1983 *Monell* claim against Guttenberg (Count V);

and retaliation against Guttenberg and Mr. Delle Donna (Count VI).  Defendants move for

judgment on the pleadings pursuant to the entire controversy doctrine and *res judicata*.

## II.    Summary of Allegations

Except where indicated, the following is a summary of the allegations in the

Complaint.  Plaintiff joined the Guttenberg police force in 1996.  Defendant Allguier was his

supervisor.  Allguier allegedly made racist remarks about Plaintiff on a daily basis, causing

Plaintiff to feel humiliated.  Plaintiff avers that he reported this conduct to Allguier's superiors

but was ignored.  Plaintiff also cooperated in a federal investigation into the Township of

Guttenberg and Mayor Delle Donna, including by wearing a wire.[1]  Plaintiff alleges that Mr.

Delle Donna and the Town Guttenberg either suspected or knew about this.

Plaintiff alleges that in 2005 he began a romantic relationship with defendant Rita

Perito, the niece of defendant Delle Donna.  Mr. Delle Donna was at that time the mayor of

Guttenberg.  Mr. Delle Donna allegedly objected to the relationship on account of Plaintiff's

race.  According to the Complaint, Defendant Maggenheimer, a lieutenant in the Guttenberg

police department, informed Plaintiff that Mr. Delle Donna was unhappy about the relationship

and made implicit threats concerning Plaintiff's employment.  When Plaintiff attempted to sever

the relationship with Ms. Perito, she allegedly became obsessive and enlisted her uncle's help in

obtaining a temporary restraining order against Plaintiff on a domestic violence charge.  On

February 14, 2006, as a result of the domestic violence charge, a final restraining order was

entered against Plaintiff.  An internal investigation into Plaintiff arising from these matters

---

[1]    Delle Donna was indicted in September 2007 and ultimately convicted on federal
corruption charges.

culminated in his termination from the Guttenberg police force on September 29, 2006.

According to documents in the public record, on October 18, 2006, Plaintiff brought an action in New Jersey Superior Court alleging wrongful termination of his employment as a police officer.[2]  *Negron v. Twp. of Guttenberg*, Docket No. HUD-L-4482-05. The complaint recites the dispute between Plaintiff and Ms. Perito, described above, that led to the disciplinary proceedings against him and ultimately to his termination and demands his reinstatement as a police officer, along with seniority and back pay.  On January 11, 2007, while the lawsuit was pending, the Appellate Division affirmed the February 14, 2006 final restraining order entered against Plaintiff.  *Perito v. Negron*, FV-09-1380-06-B, 2007 WL 93089 (N.J. Super. Ct. App. Div. Jan. 11, 2007), *certif. denied*, 921 A.2d 447 (N.J. Apr. 4, 2007). Subsequently, on June 7, 2007, the lawsuit was dismissed with prejudice by stipulation of the parties.

Plaintiff alleges that Mr. Delle Donna and Ms. Perito filed two false criminal complaints against Plaintiff, claiming that Plaintiff violated the February 14, 2006 final restraining order.  Both complaints were dismissed in Plaintiff's favor, in February 2007 and June 2007, respectively.

According to documents in the public record, on September 11, 2007 Plaintiff brought an action in New Jersey Superior Court against the Guttenberg police department and Mr. Delle Donna, alleging malicious prosecution and illegal retaliation for his cooperation with the federal investigation into Mr. Delle Donna.  *Negron v. Twp. of Guttenberg, Police Dep't*,

---

[2]     The Court takes judicial notice of the complaints and stipulations of dismissal in Plaintiff's prior lawsuits as matters of public record.

Docket No. HUD-L-4535-07.  The complaint recites Mr. Delle Donna's involvement in Ms. Perito filing a domestic violence charge against Plaintiff, allegedly in retaliation for his cooperation with the federal authorities, and demands monetary damages.  By stipulation of the parties, on or around June 30, 2009 Count I (retaliation) was dismissed without prejudice and Count II (malicious prosecution) was dismissed with prejudice.

Plaintiff alleges that he attended a public meeting in City Hall on October 22, 2007 to discuss, among other things, Mr. Delle Donna's federal indictment on corruption charges.  Lt. Maggenheimer, allegedly a political confederate of Mr. Delle Donna, had Plaintiff escorted from the premises, preventing him from speaking at the meeting.

III.    **Discussion**

The standard governing Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the well known standard governing a motion to dismiss pursuant to Rule 12(b)(6).  *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint

4

suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted). At this stage, the Court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if Plaintiff's claims are based on those documents. *Pension Ben. Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1992).

Defendants move for judgment on the pleadings pursuant to the entire controversy doctrine and *res judicata*. They argue that Plaintiff's dismissal with prejudice of his two prior lawsuits precludes him from raising any claims that were or could have been brought in those lawsuits. To evaluate whether any of Plaintiff's claims is precluded, the Court must determine whether Plaintiff's claims would be barred in New Jersey state court. That is because the full faith and credit statute requires federal courts to give state court judgments the same preclusive effect that those judgments would receive in the courts of the rendering state. *Opdycke v. Stout*, 233 F. App'x 125, 128 (3d Cir. 2007); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); 28 U.S.C. § 1738.

Pursuant to the closely related doctrines of *res judicata* and entire controversy, the elements of claim preclusion in New Jersey are: 1) the judgment in the prior action must be valid, final, and on the merits; 2) the parties in the later action must be identical to or in privity with those in the prior action; and 3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one. *McNeil v. Legislative Apportionment Comm'n of State*, 828 A.2d 840, 859 (N.J. 2003). Thus, all claims are barred that were *or could have been* brought in the prior action. *Id.* at 858-59. The objectives of the entire controversy doctrine are: "(1) to encourage the comprehensive and conclusive determination of a legal

5

controversy; (2) to achieve party fairness, including both parties before the court as well as prospective parties; and (3) to promote judicial economy and efficiency by avoiding fragmented, multiple and duplicative litigation." *Joel v. Morrocco*, 688 A.2d 1036, 1037 (N.J. 1997) (quotations omitted). The doctrine's primary concern is that of fairness. *See K-Land Corp. No. 28 v. Landis Sewerage Auth.*, 800 A.2d 861, 871 (N.J. 2002).

i.      *Final Judgment on the Merits*

A voluntary dismissal with prejudice can give rise to claim preclusion. *See Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972); *see also Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) ("A dismissal that is specifically rendered 'with prejudice' qualifies as an adjudication on the merits and thus carries preclusive effect."). Plaintiff argues that his voluntary dismissal of the two prior lawsuits does not give rise to preclusion, relying on *Arena v. Borough of Jamesberg*, 706 A.2d 790 (N.J. Super. Ct. App. Div. 1998). But in *Arena*, plaintiff dismissed the case *without* prejudice. *See id.* at 792. By contrast, in this case Plaintiff's first prior lawsuit and Count II of his second prior lawsuit were dismissed with prejudice. In addition, the prior lawsuit in *Arena* was dismissed before defendants appeared. *Id.* at 791. Plaintiff's two prior lawsuits were active for seven months and one year and nine months, respectively, before they were dismissed. Thus, judicial economy is a more significant factor in favor in preclusion in this case.

ii.      *Identity of Parties*

The Township of Guttenberg was a party to both prior lawsuits. Mr. Delle Donna was a party to the second prior lawsuit.

Defendants Allguier, Maggenheimer, and Perito were not parties to Plaintiff's

prior lawsuits. The entire controversy doctrine does not bar claims against non-parties to the prior lawsuit unless the non-joinder was "inexcusable" and resulted in "clear prejudice." *K-Land Corp. No. 28 v. Landis Sewerage Auth.*, 800 A.2d 861, 867 (N.J. 2002). Plaintiff does not allege that Defendants Allguier and Maggenheimer were involved in the alleged torts that gave rise to the two prior lawsuits. On the record currently before the Court, it cannot be said that Plaintiff's failure to join them as parties was inexcusable or clearly prejudicial.

By contrast, Defendant Perito's domestic violence charges were the subject of *both* of Plaintiff's prior lawsuits, and Ms. Perito is named in both prior complaints. If Plaintiff had a claim to assert against her, as he now alleges, it was inexcusable for Plaintiff not to have joined Ms. Perito as a defendant at that time. To permit Plaintiff to bring this claim against her now would be clearly prejudicial, because he has already brought (and dismissed with prejudice) two lawsuits arising from her domestic violence complaints against him. He should not be permitted a third bite at the apple.

  iii. *Same Transaction or Occurrence*

Plaintiff's first prior lawsuit concerned Ms. Perito's domestic violence complaints against him and his subsequent termination from the Guttenberg police force. Plaintiff's second prior lawsuit concerned the domestic violence complaints against him, Mr. Delle Donna's involvement with those complaints, Plaintiff's subsequent termination from the Guttenberg police force, and Plaintiff's cooperation with the federal investigation. Counts I-II of the instant case concern Ms. Perito's domestic violence complaints against Plaintiff, Mr. Delle Donna's involvement in those complaints, and Plaintiff's subsequent termination from the Guttenberg police force. These Counts arise from the same transaction or occurrence as the prior lawsuits.

Counts III-V principally concern allegations of a hostile work environment and interference with first amendment rights.  Plaintiff's prior lawsuits did not concern these events.  Count VI concerns Mr. Delle Donna's alleged retaliation for Plaintiff's cooperation with federal authorities.  This claim was raised in Plaintiff's second prior suit but appears to have been specifically dismissed without prejudice for the purpose of raising it in federal court.[3]

Plaintiff argues that his first prior lawsuit was a limited claim for relief, brought "simply to enforce his employment rights," and does not preclude the current lawsuit.  He relies on *Brennun v. Rutgers State University*, 941 F.2d 154 (3d Cir. 1991).  That case is inapposite.  In *Brennun*, the prior lawsuit was to enforce an arbitration provision – *it was not a claim for relief on the merits*.  *Id.* at 166-67.  By contrast, Plaintiff's first prior lawsuit *was* a claim for relief on the merits.

Accordingly, it is on this 19th day of March, 2010, **ORDERED** that Defendants' motion for judgment on the pleadings is **GRANTED** with respect to Counts I-II and **DENIED** with respect to Counts III-VI.  Counts I-II are **DISMISSED** with prejudice.  Ms. Perito is discharged as a defendant in this matter.

**IT IS SO ORDERED.**

    **/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.

---

[3]     Defendant argues that this claim was barred because it was not raised in Plaintiff's *first* prior suit, which was dismissed with prejudice in June 2007.  Since Delle Donna was not indicted under federal charges until September 2007, and in light of the secrecy frequently surrounding federal investigations, the Court cannot determine conclusively, on the current record, that Plaintiff could have brought a retaliation claim in his first prior lawsuit.